## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR THE
GALLUP-MCKINLEY COUNTY SCHOOLS,

        Plaintiff,

     v.                         No. 1:25-CV-00762

ANDREA R. LUCAS, in her official capacity
as Acting Chair of the U.S. Equal Employment
Opportunity Commission and U.S. EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,

        Defendants.

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW**, the Board of Education of the Gallup-McKinley County Schools (hereinafter "School District"), by and through its counsel of record, Himes, Petrarca & Fester, Chtd. (Andrew M. Sanchez), and for its Complaint for Declaratory and Injunctive Relief against Defendants, Andrea R. Lucas, in her official capacity as Acting Chair, the United States Equal Employment Opportunity Commission (the "Commissioner") and the U.S. Equal Opportunity Commission (the "Commission" or "EEOC"). In support therefor, Plaintiff states as follows:

### INTRODUCTION

This case concerns a federal agency's disregard of Congress' carefully crafted statutory limitations on its investigative powers. It appears that on or about August 21, 2024, Andrea Lucas, a Commissioner of the United States Equal Employment Opportunity Commission, acted contrary to law and contrary to the EEOC's own regulations in submitting a Charge of Discrimination (the "Charge") against the School District. *See* Exhibit 1. Even though the School District requested

more factual information that should have been included in the Statement of Harm within the Charge of Discrimination in order to have adequate notice of the charges under due process and thereby gain the ability to respond to the charges ( *ee* Exhibit 2), the Area Director for the EEOC Office denied the School District's request for the information upon which the Charge is based ( *ee* Exhibit  ), and the EEOC has now subpoenaed School District officials for testimony ( *ee* Exhibit 4) and has demanded the production of confidential employee and applicant information spanning five (5) years without regard to privacy interests ( *ee* Exhibit 5).  This agency action has all the characteristics of a fishing expedition that would not be permitted in any legal action before this Court even it were based on a legally adequate complaint.

As set forth below in this Complaint, the EEOC's ongoing investigation based on an overly broad and vague statements of harm and is depriving the New Mexico Human Right Bureau ("HRB") of its jurisdiction, and it constitutes an unlawful agency action that is so prejudicial to the School District as to bar the EEOC from acting at all in the future under Title VII and the Administrative Procedures Act.

In support of the claims, Plaintiff further avers as follows:

**PARTIES**

1.      The Plaintiff School District is governed by the Board of Education, who is the governing body of the Gallup-McKinley County Schools, and the School District is a political subdivision of the State of New Mexico created for the administration of public schools in and around Gallup, New Mexico and within the County of McKinley, New Mexico, as set forth under N.M. Stat. Ann.   22-1-2(R) (200  ).

2.      The Board of Education is a legal entity with the capacity to sue under State law.

.        In this cause of action, the School District is being denied due process by illegal agency action outside of its statutory authority, and the privacy interests of its employees and applicants are being threatened by agency action to obtain personal data on each individual without justification or authority.

4.       Defendant Andrea Lucas is the Acting Chair of the U.S. Equal Employment Opportunity Commission and, as such, is charged by statute with the administration of federal legislation related to employment.  She is sued in her official capacity only.

5.       Defendant U.S. Equal Employment Opportunity Commission is a federal commission headquartered in   ashington, DC, at 1  1 M Street, N.E.,   ashington, DC 20507.

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction over this cause of action because the claims arise under the laws of the United States,  *ee* 2  U.S.C.   1  1, and because Defendants are United States officials,  *ee* 2   U.S.C.   1 46(a)(2), and 5 U.S.C.   702 (final agency action). This Court may issue a declaratory judgment and award further relief pursuant to 2   U.S.C. 2201-2202 and Rule 57 and Rule 65 of the Federal Rules of Civil Procedure.

7.       Venue is proper in this District pursuant to 2   U.S.C.   1  1(b)(2), (e)(1), because Defendants are agencies of the United States and or officers of the United States acting in their official capacities, a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and the Plaintiff School District operates in this District.

.        This Court is authorized to vacate and set aside the investigative actions by the Defendants under 5 U.S.C.   706(2).

.        Sovereign immunity for non-monetary relief is waived by 5 U.S.C.   702.

## MATERIAL FACTS

10.    Congress created the EEOC in the passage of the Title VII of the Civil Rights Act of 1 64, 42 U.S.C.   2000e-4, and the Supreme Court held that the EEOC is "central to the federal policy of prohibiting wrongful discrimination in the Nation's wor places and in all sectors of economic endeavor."        *e  S  Med   r        r*, 570 U.S.    , 42 (201 ).

11.    Li e all agencies, the EEOC "has no power to act    unless and until Congress confers power upon it."        *Ser                 476 U.S.  55,  74 (1  6).

12.    The Commission and the Supreme Court have ac nowledged that "Congress strongly encouraged employers     to act on a voluntary basis to modify employment practices and systems which constituted barriers to equal employment opportunity."

*re    er            e e    d*, 47   U.S. 501, 515  16 (1  6) (quoting 2   C.F.R.   160 .1(b)).

1 .    President Trump appointed Defendant Lucas to be the Acting Chair of the EEOC, and she has since used the EEOC to prohibit private employers from supporting any and all initiatives relating or pertaining to social policies that President Trump opposed during his political campaigns, including "diversity, equity, and inclusion" or "DEI" and gender ideology.  She has also focused her agenda for the EEOC on perceived religious discrimination at wor .  *See* https:  www.dailysignal.com 2025 06 1  two-ways-to-ma e-the-eeoc-great-again .

14.     uxtaposed against Defendant's open agenda, Defendant Lucas filed the current Charge of Discrimination against a public school district in which the vast majority of its students and its employees are Native American, asserting broad and vague claims without any factual support of systemic discrimination toward Native Americans.

15.    Defendant Lucas, acting contrary to the authority granted to the EEOC by Congress has initiated an investigation of the School District   not to remedy any wrongs but to search for

issues without any evidence to trigger such an intrusion on the employer or its employees and applicants.

16.     Congress carefully limited the EEOC's investigative authority, providing that "the Commission's power to conduct an investigation can be exercised only after a specific charge has been filed in writing."          *S e* , 466 U.S. 54, 64 (1   4),          110 Cong. Rec. 7214 (1  64))  *ee* 42 U.S.C.     2000e-5(b), 2000e-  (a).

17.     In order to protect both employers' and wor ers' privacy, Congress imposed strict confidentiality requirements on those charges and investigations, as well as on efforts to obtain voluntary compliance.  42 U.S.C.     2000e-5(b), 2000e-  (e).

1 .     It also required the Commission to act through a quorum of three or more Commissioners, not a single agency head. 42 U.S.C.   2000e-4(a).

1 .     Since President Trump removed Commissioners  ocelyn Samuels and Charlotte Burrows on  anuary 27, 2025, the Commission has had only two Commissioners and therefore has lac ed a quorum.

20.     There is no explanation, however, as to how or why one of only two of the EEOC's Commissioners is now relying on a clearly untimely, in part, Charge and only general and conclusory allegations that any Title VII liability can be ascribed to the School District when the remedial purposes of Title VII have not even been attempted in this case.

21.     Pursuant to Title VII, at 42 U.S.C   2000e-5(d), in a charge of discrimination filed by a Commissioner, the "Commission shall, before ta ing any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time,

            **d**     , unless a shorter period is requested, to act under such State or local law to remedy the practice alleged." (emphasis added).

5

22.     "The Commission will notify a FEP agency when an allegation of discrimination is made by a member of the Commission concerning an employment practice occurring within the jurisdiction of the FEP agency.  The FEP agency will be entitled to process the charge exclusively for a period of not less than 60 days if the FEP agency ma es a written request to the Commission within 10 days of receiving notice that the allegation has been filed." 2  C.F.R.  1601.1 (e).

2 .     The charge remains exclusively within the State agency's jurisdiction until such time as a triggering event allows the EEOC to gain jurisdiction. *See e e* , 42 F. Supp.  d  2,  40 (D. Conn. 2014), *e d e e*  1 7  L 17 16 (D. Conn. May 25, 1  7).

24.     The EEOC's Notice of the Charge of Discrimination to the School District was issued on August 2 , 2024, just two (2) days after the Commissioner issued the Charge of Discrimination. *See* Exhibit 6.  As such, the EEOC violated Title VII and its own regulations, requiring that this matter be dismissed immediately for lac  of jurisdiction.

25.     The Statement of Harm from Charge of Discrimination submitted by Defendant Lucas is overly broad and vague, and it can only be ta en to apply to each and every employment action ta en by the School District regarding all prospective applicants and all current and former employees of the School District over the span of five (5) years.

26.     The actions by the EEOC are based on vague, conclusory and general statements of harm applicable to all Native American applicants and employees over a five-year period that is contrary to fair play and due process.  "An EEOC charge  must be sufficiently descriptive to put the employer on notice of the activity complained of and give the EEOC an opportunity to secure voluntary compliance.'" *r e re* , 2022  L 4 671  , at  5 (E.D. Tex. Mar.  1, 2022), *e* , 7

F.App'x 2  ,  01 (5th Cir. 201 ) ( *er    r*   ) (citing *S    e   S   d rd  r   d*         ,  4  1 F.2d

455, 467 (5th Cir. 1  70)).

27.     The EEOC's own regulations provide that "(a) Each charge should contain the

following:     (  ) A clear and concise statement of the facts, including pertinent dates, constituting

the alleged unlawful employment practices    ."  2   C.F.R.    1601.12(a)(  ).

2 .     As authorized by Congress in Section 706(b), the EEOC has also adopted

regulations and accompanying forms specific to the charge process. There is a charge form,       *r  e*

*r*           , U.S. Equal Emp. Opportunity Comm'n (2022), [https:  www.eeoc.gov sites](https:  www.eeoc.gov sites)

[default files migrated  files eeoc foia forms form  5.pdf](default files migrated  files eeoc foia forms form  5.pdf)   [https:  perma.cc 7  UL-F  C7](https:  perma.cc 7  UL-F  C7) , and the

person ma ing the charge, including a Commissioner, must ma e the charge in writing, sign and

verify it. 2  C.F.R.    1601.07-11.

2 .     Regarding charges that arise from a Commissioner's own initiative, the EEOC

webpage states, "Commissioner charges that arise from a Commissioner's own initiative are

typically reviewed by the Office of Field Programs (OFP) and subsequently signed by that

Commissioner.  OFP then assigns the signed charge to an appropriate field office to investigate."

 d  Commissioner's charges are subject to the same procedures and confidentiality rules as other

charges. *See  e*   , 42 U.S.C.   2000e-5(b).

 0.     This information is absolutely essential to any meaningful investigation by the

EEOC as described in its own regulations by which "(b) As part of the Commission's investigation,

the Commission may require the person claiming to be aggrieved to provide a statement which

includes: (1) A statement of each specific harm that the person has suffered and the date on which

each harm occurred  (2) For each harm, a statement specifying the act, policy or practice which is

alleged to be unlawful  (  ) For each act, policy, or practice alleged to have harmed the person

claiming to be aggrieved, a statement of the facts which lead the person claiming to be aggrieved to believe that the act, policy or practice is discriminatory." 2  C.F.R.   1601.15(b)(1)-( ).

1.     As such, "the EEOC s investigative authority is tied to charges filed with the Commission  unli e other federal agencies that possess plenary authority to demand to see records relevant to matters within their jurisdiction, the EEOC is entitled to access only to evidence  relevant to the charge under investigation.'"     *S                    r                          er d          , 201     L 74 4 05, at    (C.D. Cal. Dec. 11, 201 ), *re  r   d re    e d d  ed*, 2020   L 70  5 (C.D. Cal.  an.  , 2020),           42 U.S.C.   2000e  (a).

2.     The Charge of Discrimination is so ambiguous and overbroad that it renders it impossible for the School District to address the Charge in any meaningful way to Defendants.

.     hile a complainant need not describe every factual detail of his or her claim, the complainant cannot file "a vague or circumscribed EEOC charge" and expect that charge to be investigated. *r            *, 74 F. Supp.  d 4 , 65 (D.D.C. 2014),           *e      der*  1 F.Supp.2d    , 102 (D.D.C. 2012) (explaining that a "sweeping and non-specific statement" to the effect that the complainant's employer maintained a hostile wor  environment was so vague and ambiguous as to constitute a failure to exhaust administrative remedies).

4.     The omission of factual information as to when, how, why and who was involved in the alleged discrimination is not insignificant.  "Although the EEOC's investigatory powers are extremely broad, *ee M   r          M     *, 4 4 F.2d 1    (7th Cir. 1 7 ), *er  de ed*, 416 U.S.   6,  4 S.Ct. 1   5, 40 L.Ed.2d 2  7 (1  74), it is entitled to have access only to evidence that is relevant and material to the charge being investigated." *          e      er*, 64  F.2d 1  4, 1  7  ( th Cir. 1  0),             *M r   e                   *, 4 1 F.2d 12 4 ( th Cir. 1  74) 42 U.S.C.    2000e- (a) &  .

5. ust as the EEOC may not simply issue a vague letter of determination as a predicate to meaningful conciliation, it cannot issue a vague charge of discrimination as a predicate to a meaningful investigation and to secure voluntary compliance. *See* *S*

*ed  ed* , 200  L 2524402, at  1  (N.D. Iowa Aug. 1 , 200 ).

6. "It is, after all, **EEOC   d** to put Defendants on notice of the scope of the charges against them in order to give every incentive and allowance for settlement of the claims prior to filing the suit in court." *S        ed  ed* , 200  L 2524402, at  1 (N.D. Iowa Aug. 1 , 200 ),                    *S e        e* , 520 F. Supp. 2d 1250, 1267 (D. Colo. 2007) (emphasis in original)  *ee               d  ree   er*

.,  40 F. d 1256, 1260 (11th Cir. 200 ) (" A t a minimum, the EEOC must ma e clear to the employer the basis for the EEOC's charges against it.  Otherwise, it cannot be said that the  EEOC has provided a meaningful conciliation opportunity." (Citation omitted.)).

7. The undersigned counsel unsuccessfully implored the EEOC to give the School District more information about the allegations of discrimination giving rise to the Charge so it could defend itself, but the EEOC refused. *See* <u>Exhibit 2</u> and <u>Exhibit  </u>.

. "The requirements of due process, of course, apply to administrative proceedings." *e er    e      r* , 2 7 F. d 1 5 , 1 61 (Fed. Cir. 2002), and it applies to the EEOC.

. " e have made clear that  when Congress directs an agency to establish a procedure, it can be assumed that Congress intends that procedure to be a fair one.'" *r  ,  5 F. d 22 , 24  (  rd Cir. 200 ),        M r        e    , 2 F. d 1 5, 20  (  rd Cir. 1  6) s*ee                  , 442 U.S. 6 2, 6    (1 7 ) (assuming "a congressional solicitude for fair procedure, absent explicit statutory language to the contrary")  *ee      Me                ,*

427 U.S. 215, 226 (1 76) (explaining that under          *M       e*  , 41  U.S. 5   , 557-5  (1  74),
minimum due process rights attach to statutory rights).

40.     As such, the EEOC is required, but has failed to provide sufficient procedural due
process protections regarding any investigation that the School District violated Title VII.

41.     The only available evidence points to the fact that the School District acted in
accordance with law in, at least, the previous   00 days to the Charge of Discrimination as well as
since 2020.

42.     This includes the School District's hiring of applicants and in the promotion,
demotion and transferring of its employees, and the EEOC offers no specifics facts contrary to this
assertion.

4 .     The Commissioner's Charge fails to allege any specific employment actions that
can be considered suspect or contrary to law or what employment pattern and practice too   place,
such as through interviews or selection committees, that is being complained of as being
discriminatory.

44.     More importantly, the only actual facts available to the Commissioner was that
there has not been any successful litigation by which the School District has been found liable for
employment discrimination or retaliation in the last   00 days or since 2020 and certainly no action
has ever been ta en by the EEOC's Regional Office regarding the School District's employment
practices.

45.     Yet, without anyone grieving the employment actions of the School District, the
Defendants filed a grossly overbroad and conclusionary Charge of Discrimination as a final agency
action.

46.     The School District has suffered and will continue to suffer a "legal wrong" by the EEOC or has been "adversely affected or aggrieved" by agency action even if it is not a final action. *See* 5 U.S.C.   702.

47.     In addition, the School District is aggrieved by an agency action for which there is no other adequate remedy outside of this court. *See* 5 U.S.C.   704.

4  .     The inaction and misapplication of law by the EEOC is arbitrary, capricious, and exceeds EEOC's statutory authority. *See* 5 U.S.C.   706(c)(2).

4  .     In order to protect both employers' and wor ers' privacy, Congress imposed strict confidentiality requirements on those charges and investigations, as well as on efforts to obtain voluntary compliance. *See* 42 U.S.C.   2000e-5(b), 2000e-  (e).

50.     The only data collection report that the Commission has created for private employers under Section 70  (c) is the EEO-1 Employer Information Report, which applies to private employers with more than 100 employees. 2   C.F.R.   1602.07. https:  www.eeoc.gov sites default files migrated  files employers eeo1survey eeo1-2-2.pdf,       https:  perma.cc   4B -   Q K . That report includes aggregated data by race and ethnicity for male and female employees under various occupational categories. It does not include personally identifiable information of employees.                 *e     r           er    r      e    r*

, U.S. Equal Emp. Opportunity Comm'n (200  ).

51.     Section 70  provides that any information that the Commission obtains through a charge investigation or data collection report process is subject to a strict prohibition on disclosure, accompanied by criminal penalties of up to   1,000 and a year in prison. 42 U.S.C.   2000e-  (e). Similarly, the statute provides that " c harges shall not be made public by the Commission" and

that " a ny person who ma es public information in violation of this subsection shall be fined not more than  1,000 or imprisoned for not more than one year, or both."  42 U.S.C.  2000e-5(b).

52.     If the EEOC's investigation is allowed to proceed, sensitive personal information of employees and applicants may be disclosed to the government despite the government's complete lac  of authority to obtain it.  Each of these individuals and entities will be irreparably harmed.

5 .     This personal information includes sensitive, private details in which employees and applicants have a reasonable expectation of privacy.  An individual's sex, race, contact information, academic performance, compensation, and reasons for hiring, discipline or separating from a job are private matters.  It is reasonable to expect that an employer will  eep such information confidential unless required by law to provide it.

54.     Once an individual's personal information has been compromised, the bell of disclosure cannot be unrung.  The expectation of privacy would be irretrievably lost.

55.     In light of the EEOC's demands, the School District now has significant concerns that its data will be disclosed, and that the government may use the data improperly to target the School District, its employees or their family members for any activity or speech it wishes to stifle.

56.     The federal government itself recognizes that much of this information constitutes sensitive or confidential personally identifiable information.  The EEOC in its own instructions to employers responding to formal charge investigations identifies "personal phone numbers" and "personal email addresses" as confidential information that should be segregated to minimize unnecessary disclosure.  *e      d     er  r  e    de                    S  e  e  r   ed  re* , U.S. Equal Emp. Opportunity Comm'n, https:  www.eeoc.gov employers questions-

and-answers-respondents-eeocs-position-statement-procedures    https: perma.cc 5 KE- R2F
(last visited Apr. 14, 2025).

57.     The National Archives and Records Administration, which oversees agencies'
management of unclassified information, has recognized that " e thnic or religious affiliation" is
sensitive personally identifiable information, whose "disclos ure  without authorization could
result in substantial harm, embarrassment, inconvenience, or unfairness to an individual." National
Archives and Records Administration,      *e    r    er        de    e    r*      ,
National Archives and Records Administration, https: www.archives.gov cui registry category-
detail sensitive-personally-identifiable-info (last visited Apr. 14, 2025). It li ewise recognizes that
information about employees' performance or contact information may be similarly sensitive.  *d*

5 .     The personally identifiable information the EEOC has demanded vastly exceeds
what it collects through investigations of a valid charge that is limited in time and scope.  For
example, the data collection reports that the EEOC underta es pursuant to 42 U.S.C.  2000e- (c)
require employers to provide data about sex, race, and ethnicity aggregated by job categories.  They
do not require employers to provide any data about individuals.

## CAUSES OF ACTION

### COUNT I
#### DECLARATORY JUD MENT

5 .     The School District re-alleges and incorporates by reference the foregoing
Paragraphs 1 through 5  as if fully set forth herein.

60.     An actual and substantial controversy exists between the School District and
Defendants about whether Title VII of the Civil Rights Act of 1 64 permits Defendants to
underta e investigations without notice to the employer, supplanting the jurisdiction of the state

1

agency with federal jurisdiction and when no employee or applicant has sought redress of any employment action by the School District in the last 00 days, depriving the EEOC of jurisdiction.

61.    This action is presently justiciable because Defendants have asserted that Title VII permits the Commission, as a matter of law, to investigate a self-generated Charge of Discrimination without regard to its regulations or limited authority to investigate beyond the specifics of the Charge of Discrimination that is overly broad and vague.

62.    The EEOC has a duty to vindicate the important public rights secured to all citizens under Title VII  it may not, however, do so in a manner which rides roughshod over the rights of employers and notions of fairness and due process as well.

6 .    The EEOC does not have the authority to see  and obtain confidential and private information of employees and applicants unrelated to a specific, legal and well defined charge of discrimination.

64.    The Defendants are not permitted to violate the Constitution or statutory provisions of Federal law.

65.    The Defendants are required to comply with the provisions of the Administrative Procedures Act in ta ing any and all agency actions.

66.    Declaratory relief will clarify the rights and obligations of the parties and, therefore, pursuant to 2  U.S.C.  2201, is appropriate to resolve this controversy.

## COUNT II
### FIFTH AMENDMENT  DUE PROCESS VIOLATION AND VOID FOR VA UENESS

67.    The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 66 as if fully set forth herein.

6 .    The Fifth Amendment prohibits vagueness as "an essential of due process, required by both ordinary notions of fair play and settled rules of law." *Se                , 5 4 U.S. 14 ,*

155 (201 ) (internal quotations and citation omitted).  The prohibition on vagueness guarantees that ordinary people have fair notice of the conduct proscribed, and guards against arbitrary and discriminatory enforcement.  *d*

6 .    A regulation or agency directive is "void for vagueness if its prohibitions are not clearly defined."  *r    ed                  rd*, 40  U.S. 104, 10  (1  72).  This principle applies to administrative, civil, and criminal prohibitions.  *See                  e e       S            *, 567 U.S. 2   , 25  54 (2012) (civil fines)  *e    e    S   e   r    e* , 501 U.S. 10 0, 104  51 (1   1) (state bar rule). And where First Amendment rights are at sta  e, " t he general test of vagueness applies with particular force."  *e    M    r    r de* , 425 U.S. 610, 620 (1  76).  A regulation or agency directive is impermissibly vague if it either "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "authorizes or even encourages arbitrary and discriminatory enforcement."  *r  d* , 5  0 U.S. 70  , 7 2 (2000).

70.    The Charge of Discrimination is impermissibly vague and violates the Fifth Amendment due process rights of the School District and its employees and applicants.  All of its allegations are unclear and undefined, overly broad in scope, and turn on the subjective judgement of some individual at the EEOC.

71.    As described above, the Charge of Discrimination fails to provide adequate notice about how and when the School District too  any action prohibited by federal law.

72.    The Charge of Discrimination is vague, and the School District and its employees cannot effectively alter their practices to conform with the law or address any alleged violations of law and, as such, are left open to arbitrary and discriminatory enforcement by the EEOC.

7 .     As a result of Defendants' unlawful conduct, the School District has suffered and will continue to suffer irreparable harm.

## COUNT III
### ACTS OF THE DEFENDANTS ARE *ULTRA VIRES* CONDUCT OUTSIDE THE SCOPE OF STATUTORY AUTHORITY

74.     The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 7  as if fully set forth herein.

75.     The EEOC, through its officials, may exercise only the authority conferred by statute and regulations.

76.     The EEOC cannot act outside a quorum of the Commission.

77.     Defendants do not have authority to supplant the jurisdiction of the State, violate the privacy interests of employers or their employees and applicants and self-generate an overly broad and vague charge of discrimination and investigate employers beyond the  00 days of the charge, and, as such, all actions by the EEOC, thus far, are contrary to law and outside of Defendants' authority and outside a quorum of the Commission.

7 .     Defendants' actions have caused and are causing substantial injury, including irreparable harm.

7 .     Pursuant to 2  U.S.C.   2201, the School District is entitled to a declaration that Defendants' actions are   *r    re*  and therefore unlawful.

 0.     The School District is also entitled to a permanent injunction preventing Defendants from implementing, maintaining, or reinstating any charge of discrimination outside of jurisdiction.

## COUNT IV
### ADMINISTRATIVE PROCEDURE ACT — VIOLATION OF — U S C — A
### A ENCY ACTION IS AR ITRARY AND CAPRICIOUS AND A USE OF DISCRETION

1.      The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through  0, as if fully set forth herein.

2.      The APA requires that this court "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious,  or  an abuse of discretion."  5 U.S.C.  706(2)(A).

 .      An agency action is arbitrary and capricious if the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *M   r  e   e M r        e  S    S  e  r  M              .,* 46  U.S. 2 , 4  (1    ).  That "reasoned explanation requirement of administrative law . . . is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public."  *e          er e* v. *e    r* , 5   U.S. 752, 7 5 (201 ).

4.      Defendants' actions constitute a final agency action under the APA.  The Charge of Discrimination forms the basis of the Defendants' actions and Defendants use the Charge of Discrimination to justify their actions pursuant Title VII.

5.      Regulations governing the process for conducting investigations of employers prohibit Defendants from engaging in arbitrary and capricious investigations and data requests.

17

6.      Defendants' action are arbitrary and capricious because Defendants used the fiction of the Charge of Discrimination to underta e actions for an undisclosed purpose that is not congressionally authorized.

7.      Defendants' action are arbitrary and capricious because the Defendants did not provide a transparent and reasonable explanation for initiating an investigation. The Charge of Discrimination lists no specific reasons for the Defendants to use as the basis for investigating the School District.

.      Defendants' actions are arbitrary and capricious because Defendants failed to ta e into consideration the privacy interests of the School District, who has ta en steps in reliance upon limitations on federal authority to obtain personal data on individuals.

.      Defendants' actions are arbitrary and capricious to the extent that the Defendants are relying on EEOC priorities that are contrary to the priorities the EEOC established through required notice-and-comment rulema ing via publication in the Federal Register.

0.      To the extent the Defendants are relying on a new interpretation of existing anti-discrimination laws in order to conduct an investigation, the EEOC fails to provide "good reasons for"  any official change in agency policy or "priorities."          *e e        S            .,* 556 U.S. 502, 515 (200 ).

1.      The School District is harmed by the investigation by the EEOC.

2.      The School District is entitled to an order enjoining the Defendants' final agency actions pursuant to 5 U.S.C.    706, all appropriate preliminary relief under 5 U.S.C.    705, declaratory relief under 2  U.S.C.   2201 and 5 U.S.C.   706 including a finding that Defendants' actions were arbitrary and capricious and or an abuse of discretion in violation of the APA, as well

as a permanent injunction preventing Defendants from implementing, maintaining, or reinstating a charge of discrimination against the School District.

## COUNT V

**ADMINISTRATIVE PROCEDURE ACT — VIOLATION OF — U S C — A**
**A ENCY ACTION IN ACCORDANCE WITH LAW**

. The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 2 as if fully set forth herein.

4. The EEOC is included in the definition of "agency" under the APA, 5 U.S.C. 551(1), and Defendants' Charge of Discrimination is a final agency action subject to the APA.

5. The APA requires that a court "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law." 5 U.S.C. 706(2)(A).

6. hen a federal agency has promulgated " r egulations with the force and effect of law," those regulations "supplement the bare bones" of federal statutes. *See ed S e e re rd S e* , 47 U.S. 260, 265, 26 (1 54). "An agency has the duty to follow its own federal regulations," and " f ailure to follow applicable regulations can lead to reversal of an agency order." *e d r Ser* , 2 2 F. d 25 , 262 (1ˢᵗ Cir. 2000).

7. An agency's action may be set aside pursuant to the APA if the action violates the agency's own procedures, particularly if that error prejudices the interest of a person before the agency. *See r S Se .,* 7 F. d 541, 545 47 (6ᵗʰ Cir. 2004).

. Defendants' Charge of Discrimination is not in accordance with the applicable law because Defendants are not authorized by the federal statutes and regulations to investigate the School District without cause. Nor are Defendants authorized to foreclose congressionally mandated limits on authority to investigate employers.

1

.      Accordingly, to the extent the law limits and dictates the authority of the EEOC, the Defendants lac ed the authority to carry out any investigation that violated Title VII and their own regulations.

100.   The School District as an employer is prejudiced by this final agency action.

101.   The School District is entitled to an order barring the EEOC's final agency action pursuant to 5 U.S.C.    706, all appropriate preliminary relief under 5 U.S.C.    705, declaratory relief under 2   U.S.C.    2201 and 5 U.S.C.    706, in that Defendants acted contrary to law in conducting an unwarranted investigation in violation of the APA, and a permanent injunction preventing Defendants from implementing, maintaining, or reinstating a charge of discrimination against the School District.

    HEREFORE, Plaintiff prays that this Court:

A.     Declare Defendants' Charge of Discrimination unlawful

B.     Declare that the Charge of Discrimination violates the Fifth Amendment to the United States Constitution

C.     Declare that the Charge of Discrimination, the production demands and the subpoenas for testimony are arbitrary, capricious, an abuse of discretion, not in accordance with law, contrary to a constitutional right, in excess of statutory jurisdiction, and without observance of procedure required by law within the meaning of 5 U.S.C.    706(2)

D.     Hold unlawful, vacate, and set aside the Charge of Discrimination

E.     Preliminarily and permanently restrain or enjoin Defendants and their agents, employees, representatives, successors, and any other person acting directly or

indirectly in concert with them, from enforcing and or implementing and investigating a charge of discrimination against the School District

F.      Enter a preliminary injunction and temporary restraining order (a) enjoining Defendants' investigating the Charge of Discrimination  (b) ordering all subpoenas be vacated and quashed  (c) ordering Defendants to cease all investigative actions of the School District and its employees  (d) enjoining Defendants' from filing any future charge of discrimination that would be inconsistent with the Court's order and (e) holding void all actions of the EEOC ta en outside a quorum of the Commission

G.      Issue a permanent injunction providing the same relief

H.      Award attorney's fees, costs, and expenses in accordance with law, including the Equal Access to  ustice Act, 2  U.S.C.   2412  and

I.      Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

HIMES, PETRARCA AND FESTER, CHTD.

By: _____
          dre  M  S      e
        ANDRE    M. SANCHE
        5051  ournal Center Blvd. NE, Suite   20
        Albuquerque, New Mexico    710
        (505) 25  -206
        asanchez   edlawyer.com

**ATTORNEYS FOR THE   OARD OF EDUCATION FOR THE    ALLUP MC  INLEY COUNTY SCHOOLS**

**VERIFICATION AND ACKNOWLEDGEMENT**

STATE OF NEW MEXICO )
                                      ) ss.
COUNTY OF MCKINLEY )

I, Mike Hyatt, being first duly sworn upon my oath, depose and state that I am the Superintendent for the Gallup-McKinley County Schools in the above-entitled cause; that I have read the *VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF*; know the contents thereof, and that the matters and things therein set forth are true to my own knowledge, save where the same are or must of necessity be set forth upon information and belief, and as to those statements I believe the same to be true.

MIKE HYATT, Superintendent of Schools for the Gallup-McKinley County Schools and agent and representative of the Board of Education for Gallup-McKinley County Schools

       On August 6th, 2025, before me personally appeared Mike Hyatt, personally known to me OR proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

       Witness my hand and official seal.

**STATE OF NEW MEXICO**
**JENNIFER LEE**
**NOTARY PUBLIC**
Commission #: **1071614**
Expiration Date: **11/24/2025**

Signature of Notary Public

Printed Name of Notary Public

My Commission Expires:

11/24/2025

SEAL



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C.**

Commissioner
Andrea R. Lucas

# COMMISSIONER'S CHARGE

Pursuant to authority contained in Title VII of the Civil Rights Act of 1964, as amended (Title VII), I issue this Commissioner's Charge against the following employer:

> Gallup-McKinley County Schools
> 640 S. Boardman
> Gallup, NM, 87301

I believe this employer is within the jurisdiction of the U.S. Equal Employment Opportunity Commission. I also have reason to believe that since at least 2020, the employer may have engaged in a pattern or practice of race discrimination against Native American employees and applicants, in violation of Title VII, as amended, including, but not limited to, the following potential Title VII violations:

> Failing to interview, hire, or promote; classifying; or otherwise discriminating against prospective employees and/or current employees for the positions of Classroom Teacher, Administrator, or Principal based on their race (Native American).

The aggrieved individuals include all employees and applicants who have been, continue to be, or may be in the future adversely affected by the unlawful employment practice complained of herein.

I, Andrea R. Lucas, a Commissioner of the Equal Employment Opportunity Commission, declare under penalty of perjury that I have cause to believe the foregoing is, to the best of my knowledge and belief, true and correct.

Executed on this 21st day of August 2024.

Andrea R. Lucas
Commissioner
U.S. Equal Employment Opportunity
Commission

---

**EXHIBIT**

**1**



EXHIBIT

2

**ANDREW M. SANCHEZ**
Ph: 505-259-2069
Fax: 312-565-0000
asanchez@edlawyer.com

September 16, 2024

**VIA ELECTRONIC MAIL AND
EEOC PORTAL**

Onyedika.Otunuya@eeoc.gov
April Klug, Director
℅ Onyedika Otunuya
Federal Investigator
U.S. Equal Employment Opportunity Commission
Albuquerque Area Office
500 Gold Avenue S.W., Suite 6401
Albuquerque, New Mexico  87103

      Re:    Commissioner Andrea R. Lucas v. Gallup-McKinley County Schools
              EEOC Charge of Discrimination No. 543-2024-01242

Dear Investigator Otunuya:

       This law firm represents the Board of Education for the Gallup-McKinly County Schools ("School District") in the above filed Charge of Discrimination by Commissioner Andrea R. Lucas of the U.S. Equal Employment Opportunity Commission ("EEOC").  Pursuant to Section 83 of the EEOC Compliance Manual, we are making a formal request for a copy of all documents from the Charge File on EEOC Charge No. 543-2024-01242 and all other EEOC files and documents related to the Charging Party and any and all prospective, current and former employees of the School District giving rise to this matter.

       Please contact my office at your earlies convenience regarding any applicable charges related to providing the copies.  If you have any questions, please feel free to e-mail me at asanchez@edlawyer.com or call me at (505) 259-2069.

                            Sincerely,

                            ANDREW M. SANCHEZ

cc:    Board of Education
       Superintendent of Schools



**U S E  UAL EMPLOYMENT OPPORTUNITY COMMISSION**

**A    r    Ar  O**

500 Gold Avenue S  , Suite 6401
P.O. Box 12
Albuquerque, NM   710
Inta e Information Group: (  00) 66  -4000
Inta e Information Group TTY: (  00) 66  -6  20
Albuquerque Direct Dial: (505) 7  -6721
Main FA  : (505) 24 -51 2
Legal FA  : (505) 24 -52
ebsite: www.eeoc.gov

September 1  , 2024

Andrew Sanchez
Himes Petrarca and Fester
5051  ournal Center Blvd. NE, Suite   20
Albuquerque, NM   710

RE:    Commissioner Andrea Lucas v. Gallup Mc  inley County Schools
       Charge No. 54  -2024-01242  Request for Copy of EEOC File

Dear Andrew Sanchez:

       I have received your letter dated September 16, 2024 to request a copy of the EEOC's file in the above-referenced case.  Your request is premature as the file is still open and under investigation.  Disclosure of Commission files is governed by Section   of the EEOC Compliance Manual.  Section    provides for the disclosure of files to the charging party or other aggrieved person during the   0-day period after the date of issuance of the Notice of Right to Sue.  In this case, no Notice of Right to Sue has yet been issued and accordingly your request is denied at this time.

       Should you have any questions, please contact me.  Than  you.

Sincerely,

April Klug,
Area Director

Digitally signed by
April Klug, Area
Director
Date: 2024.09.18
09:19:47 -06'00'

April Klug
Area Director

**EXHIBIT**

**3**

EEOC Form 136
(11/09)

# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

EXHIBIT

4

TO:                                                                NO: PHX-25-11

Michael Hyatt

640 Boardman Drive
Gallup, New Mexico,  87301

IN THE MATTER OF:  Commissioner Andrea Lucas v. Gallup Mckinley County
                   Schools

Charge No. 543-2024-01242

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☒ Testify before:                ☐ Produce and bring * or      ☐ Mail  * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Onyedika  Ugbomah Otunuya, Investigator                          of the Equal Employment Opportunity Commission

at  500 Gold Ave SW Suite 6401 Albuquerque, NM 87103       on August 13, 2025          at  11:00 am         o'clock

The evidence required is

(see attached)

This subpoena is issued pursuant       ☒ (Title VII) 42 U.S.C. 2000e-9      ☐ (ADEA) 29 U.S.C. 626(a)      ☐ (EPA) 29 U.S.C. 209
                                       ☐ (ADA)  42 U.S.C. 12117(a)         ☐ (GINA) 42 U.S.C. 2000ff-6

ISSUING OFFICIAL (Typed name, title and address)        ON BEHALF OF THE COMMISSION
April Klug
Area Director
EEOC - Albuquerque Area Office
500 Gold Avenue Sw. Suite 6401
Albuquerque, NM  87103

April Klug,
Area Director

Digitally signed by April
Klug, Area Director
Date: 2025.07.29
17:19:53 -06'00'

July 29, 2025
Date



*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

## SUBPOENA
### PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ in person

☐ by certified mail

☐ by leaving a copy with a responsible person, at the principal office or place of business, to wit:

Name _____

Position _____

Address _____

On _____
*(Mo, day & year)*

_____
*(Signature of person making service)*

_____
*(Official title, if any)*

State _____

Parish/
County _____

### CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

_____

On _____
*(Mo, day & year)*

_____
*(Signature of person making service)*

_____
*(Official title, if any)*

SUBPOENA

Attachment to Subpoena   PHX-25-11   Dated     July 29, 2025     in Charge No.     543-2024-01242

For Charge Numbers: 543-2024-01242

1. Interview with Michael Hyatt

Testimony will be provided under oath and digitally recorded.

On Behalf of the Commission:

April Klug, Area
Director

Digitally signed by April Klug,
Area Director
Date: 2025.07.29 17:20:15 -06'00'

Area Director                                   Date

# UNITED STATES OF AMERICA

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO:                                                        NO: PHX-25-12

Ashley Ryan

640 Boardman Drive
Gallup New Mexico, 87301

IN THE MATTER OF:  Commissioner Andrea Lucas v. Gallup Mckinley County
Schools
Charge No. 543-2024-01242

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☒ Testify before:              ☐ Produce and bring * or      ☐ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Onyedika Ugbomah  Otunuya, Investigator                      of the Equal Employment Opportunity Commission

at  500 Gold Ave SW Suite 6401 Albuquerque, NM 87103      on August 13, 2025      at  09:00 am      o'clock

The evidence required is

(see attached)

This subpoena is issued pursuant      ☒ (Title VII) 42 U.S.C. 2000e-9   ☐ (ADEA) 29 U.S.C. 626(a)   ☐ (EPA) 29 U.S.C. 209
☐ (ADA) 42 U.S.C. 12117(a)   ☐ (GINA) 42 U.S.C. 2000ff-6

ISSUING OFFICIAL (Typed name, title and address)          ON BEHALF OF THE COMMISSION
April Klug
Area Director
EEOC – Albuquerque Area Office
500 Gold Avenue Sw. Suite 6401
Albuquerque, NM  87103                                                    July 29, 2025
                                                                                        Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

## SUBPOENA
### PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ in person

☐ by certified mail

☐ by leaving a copy with a responsible person, at the principal office or place of business, to wit:

Name   _____

Position   _____

Address   _____

On   _____
*(Mo, day & year)*

_____
*(Signature of person making service)*

_____
*(Official title, if any)*

State   _____

Parish/
County   _____

### CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

_____

On   _____
*(Mo, day & year)*

_____
*(Signature of person making service)*

_____
*(Official title, if any)*

Page 2 of Form 136  (11/09)

# SUBPOENA

Attachment to Subpoena   PHX-25-12   Dated   July 29, 2025   in Charge No.   543-2024-01242

For Charge Numbers: 543-2024-01242

1. Interview with Ashley Ryan

Testimony will be provided under oath and digitally recorded.

On Behalf of the Commission:

M                                    M

Area Director                                                    Date

Page 3 of Form 136  (11/09)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Albuquerque Area Office

500 Gold Avenue SW, Suite 6401
P.O. Box 128
Albuquerque, NM 87103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Albuquerque Direct Dial: (505) 738-6721
Main FAX: (505) 248-5192
Legal FAX: (505) 248-5233
Website: www.eeoc.gov

July 16, 2025

*Sent via Respondent Portal and Email*
Andrew M. Sanchez, Esq.
HIMES, PETRARCA & FESTER, CHTD.
5051 Journal Center Blvd. NE, Suite 320
Albuquerque, New Mexico 87109
asanchez@edlawyer.com

Dear Mr. Sanchez:

On June 26, 2025, your organization provided a response to the EEOC's June 12, 2025 request for a description of Gallup McKinley County Schools' ("Respondent") computerized systems. Your response indicated that Gallup McKinley County Schools utilizes the Frontline Central Solutions system to manage electronic data for applicants and employees. For all of Respondent's schools, we are now requesting relevant data from the Frontline Central Solutions system on all employees who were hired at all locations, and for all individuals who applied to all locations, during the period of the 2019/2020 school cycle to present. If Gallup McKinley County Schools does not maintain populated data in any of the tables or fields listed below, please indicate this in writing in your response and provide the requested data from the data table and field in which it resides.

This request does not represent the entire body of evidence which the Commission will need to obtain from your organization in order that a proper determination as to the merits of the charges can be made. You are reminded to preserve all documents, personnel records and electronic records as they are relevant to this action until final disposition. Any and all information related to this Request for Information, including any and all documents and emails related in any way, are considered relevant and must be preserved under EEOC's record-keeping regulations.

Please provide your response and the records described below in the required format described in Section II of this request by **July 31, 2025.** We also request that you provide the name, position, address, telephone number, and email address of the person who prepares the response to this Request for Information. Failure to produce a timely and thorough response may result in the issuance of a subpoena.

Failure to follow the instructions contained herein or providing an evasive or incomplete answer will constitute a failure to respond and shall subject the Respondent to the service of a subpoena for the requested documents, information and or electronic data. Please be advised that absent exigent circumstances, EEOC is unable to grant extensions

Thank you for your anticipated cooperation in this matter.

Sincerely,

Onyedika Ugbomah Otunuya
EEO Investigator

Enclosure: Request for Information

EXHIBIT

**5**

## REQUEST FOR INFORMATION

**Section I – Electronic Data Requested**

A.  Submit in electronic format, as described below in Section II, the following data as it relates to all current and former employees employed at all of Respondent's schools and all applicants who applied to all of Respondent's schools during the period of the 2019/2020 school cycle to present. This information includes *employees' complete employment history going back to date of hire* and *all applicant history going back to date of application for each application*. For each employee/applicant, provide all populated fields in each of the names/files listed below from the Frontline Central Solutions system. If Respondent does not maintain populated data in any of the tables or fields listed below, please indicate this in writing in your response and provide the requested data from the data table and field in which it resides.

    a.  ExternalID
    b.  Title
    c.  FirstName
    d.  MiddleName
    e.  LastName
    f.  Suffix
    g.  PreferredName
    h.  SSN
    i.  Gender
    j.  Ethnicity
    k.  Race
    l.  BirthDateUtc
    m.  OriginalStartDate
    n.  HireDate
    o.  LastUpdatedUtc
    p.  StaffType
    q.  StatusFrom
    r.  StatusTo
    s.  Status
    t.  StatusChangeReason
    u.  PersonalEmailEmailAddress
    v.  AddressStartDate
    w.  AddressStreet1
    x.  AddressStreet2
    y.  AddressCity
    z.  AddressState
    aa.  AddressZip
    bb.  HomePhoneNumber
    cc.  MobilePhoneNumber
    dd.  SupervisorExternalId
    ee.  SupervisorFirstName
    ff.  SupervisorLastName
    gg.  SupervisorStartDate
    hh.  SupervisorEndDate
    ii.  StateEducatorId
    jj.  EmployeeGUID
    kk.  OrgPersonID
    ll.  StartDate
    mm.  Employmentgroup
    nn.  JobType

oo. JobTypeExternalId
pp. PositionName
qq. PositionNameExternalId
rr. Location
ss. LocationExternalId
tt. Department
uu. DepartmentExternalId
vv. AssignmentExternalId

B. For each data field, specify the following:
   a. Whether the data field is an applicant or employee data field (i.e., is that field populated before or after hire?)
   b. If a data field is used for both applicant and employee data, specify whether application or employment information overrides the other.

**Section II – Formatting and Transferring Electronic Data Files**

**A. Data File Format**

The requested data should be extracted into one of the following file formats: Microsoft Excel, Microsoft Access, or ASCII comma delimited ("csv"). Other formats may be acceptable if approved prior to submission to the EEOC. Please contact me for assistance if you cannot provide data in one of the requested formats.

**B. Field Names and Unique identifiers**

Each field requested above should be provided in a unique column. The EEOC requests that the first row of each data file (or Excel worksheet or Access table) consists of the field names.

It is required that each data file (or worksheet or table) contain a unique identifier for each person or individual represented in the data. The unique identifier should allow information about individuals to be linked across files, tables, and software systems. While Social Security Number is a common unique identifier, EEOC's preference is to have another identifier if it exists. That is, as an extra guard to protect the confidentiality/privacy of individuals in the data, EEOC prefers not to receive Social Security Numbers if alternative unique identifiers (such as employee, applicant, or badge numbers) are available. Each data table produced containing information about individuals must include an employee ID and applicant ID, where applicable, unless the Respondent can specify some other unique and consistent identifiers for these purposes. If a unique identifier does not already exist that links candidate/applicant data to employee data, as well as any other applicant tracking system or human resource information systems used, you are required to assign a unique identifier for the same person in all the tables.

**C. Field and Code Definitions**

For each data file (or worksheet or table) produced, provide a list of definitions for each field or variable included. Also provide a list of all possible code values and definitions for each field or variable that contains a code to capture individual information (for example, a field SEX may include codes "M" or "1" for male and "F" or "2" for female). Field and code definitions should be provided in Microsoft Excel or Word readable format.

**D. Data Transfer**

Protecting the confidentiality and privacy of individuals and employers in the data is of upmost importance to the EEOC. The safest and securest way to transfer sensitive personally identifiable

information (SPII) data to EEOC is to transfer via the EEOC's Respondent Portal. *Do not email data to the EEOC. This is not a secure method of data transfer.* If data transfer is not possible through the Respondent Portal, please contact the undersigned to discuss alternative options for data transfer.

**Transferring data via the Respondent Portal**

Include a written transmittal memorandum that includes the following:
   a. Who is sending the data, who is to receive the data, and the reason that the data is being transmitted, and
   b. A description of the contents including the names of each database file, the number of bytes contained in each file, and a log of any queries used to export or import the data.

Log in to the EEOC Respondent Portal at: https://nxg.eeoc.gov/rsp/login.jsf
   • Provide the Charge Number.
   • Provide Password.[1]
When you are in the Respondent Portal:
   • Provide or verify Organization Contact Information.
   • Click the "Upload Documents" button under Charge Documents in the right panel.
   • Choose the file(s) to upload.
   • The file size is up to 1.5 GB to upload.
   • If the data contain SPII select the "Sensitive Data Set" File Type (examples of SPII include: Name, Social Security Number, Driver's License, Financial Account or Credit/Debit Account Number, medical information).
   • Click the "Save Upload" button.

---

[1] If you forgot your password, click on the "change password" or "forgot password" button in the log in window. Once you have done this, it will take you to the next window where you must fill out all the form fields and submit them by selecting the "change password" button. Keep in mind, the "forgot password" link will only work if the email entered matches the contact email for that case. If you need further assistance, please contact the helpdesk at 800-569-7118 or via email at digitalsupport@eeoc.gov.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Albuquerque Area Office**
500 Gold Avenue S.W.,Suite 6401, PO Box 128
Albuquerque, NM 87102
(505) 738-6721
Website: www.eeoc.gov

## <u>NOTICE OF CHARGE OF DISCRIMINATION</u>

### (This Notice replaces EEOC FORM 131)

08/23/2024

**To:** Ashley Ryan
Gallup McKinley County Schools
640 BOARDMAN DR

GALLUP, NM 87301

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Commissioner  Andrea Lucas under: Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Race, and involve issues of Hiring that are alleged to have occurred on or about 08/21/2024.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 543-2024-01242
3. Enter this password: uq9etGs9

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC, including a position statement. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to ALBUAO.INTAKE@EEOC.GOV.

EXHIBIT

6

**Preservation of Records Requirement When a Charge has Been Filed**

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.


**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.


**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.


Please retain this notice for your records.



**U.S. Equal Employment Opportunity Commission**

# FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration of the Charging Party's allegations and any defenses you decide to raise.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

## Fact-Based Position Statement

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC encourages you to raise in your position statement any factual or legal defenses that you believe are applicable. The EEOC carefully evaluates any asserted defenses, including those based on religion, status as a Tribal entity or bona fide private membership club, or other defenses at any time during the EEOC's administrative process.

The EEOC also requests that you submit all evidence, including documents, that you believe is responsive to the allegations of the charge or supports any defenses you have raised. If you submit only arguments, unsupported by evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts and any defenses you have asserted. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

## Signed by an Authorized Representative

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

## Segregate Confidential Information into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information

b. Social Security Numbers

c. Confidential commercial or financial information

d. Trade secrets information

e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.

f. Any reference to charges filed against the Respondent by other charging parties

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BOARD OF EDUCATION FOR THE GALLUP-McKINLEY COUNTY SCHOOLS | ANDREA LUCAS, in her official capacity as Acting Chair of the US EEOC and U.S. EQUAL EMP'T. OPPTY. COMM'N. |

| (b) County of Residence of First Listed Plaintiff   n/a | County of Residence of First Listed Defendant   n/a |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Himes, Petrarca & Fester, Chtd., Andrew M. Sanchez, 5051 Journal Ctr. Blvd. NE #320, Albuquerque, NM 87109 (505) 259-2069 | Andrew Rogers, Acting General Counsel, US EEOC, 131 M. Street, NE, Washington, DC 20507 (800) 669-6820 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: [Nature of Suit Code Descriptions.](#)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 370 Other Fraud | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 371 Truth in Lending | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 890 Other Statutory Actions |
| | | | [ ] 740 Railway Labor Act | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **SOCIAL SECURITY** | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 862 Black Lung (923) | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI | |
| | | [ ] 555 Prison Condition | [ ] 865 RSI (405(g)) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201
Brief description of cause:
Declaratory and Injunctive Relief

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/08/2025 | /s/ Andrew M. Sanchez |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

     United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

     United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

     Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

     Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

     Original Proceedings. (1) Cases which originate in the United States district courts.

     Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

     Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

     Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

     Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

     Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

     Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

     **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

     Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

     Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.